IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Ranier Hutchinson, | C/A No. 0:15-3646-GRA-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden B.J. Meek, *FCI Williamsburg*, | |
| Respondent. | |

  The petitioner, Anthony Ranier Hutchinson, a self-represented prisoner confined at Federal Correctional Institution ("FCI") Williamsburg, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner alleges a sentence enhancement under the residual clause of the Armed Career Criminal Act ("ACCA") and seeks relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) (finding the residual clause of ACCA unconstitutionally vague). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of jurisdiction.

**I. Factual and Procedural Background**

  Petitioner indicates that, subsequent to a guilty plea in this court to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), he was sentenced on December 8, 2004 to 180 months' imprisonment as an armed career criminal pursuant to the "residual clause" of 18 U.S.C. § 924(e). (ECF No. 1 at 1-2; ECF No. 1-1 at 3-4.) Petitioner states that the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on September 28, 2005 (ECF No. 1 at 2). See <u>United States v. Hutchinson</u>, 149 F. App'x 214 (4th Cir. 2005). Petitioner

further indicates that he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the sentencing court dismissed.  (ECF No. 1 at 4.)  The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal of the sentencing court's denial of § 2255 relief (id. at 3).  See United States v. Hutchinson, 332 F. App'x 34 (4th Cir. 2009).

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also United States v. Surratt, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.



28 U.S.C. § 2255(e); see also Surratt, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting Rice, 617 F.3d at 807)).[2]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Surratt, 797 F.3d at 247 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Surratt, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As "the Supreme Court has told us," actual

---

[2] Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. (ECF No. 1 at 4.) However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted); see also Surratt, 797 F.3d at 252 (same).



innocence " 'means factual innocence, not mere legal insufficiency.' " Surratt, 797 F.3d at 250 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

Further, "[b]efore a second or successive application [under § 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").[3] Additionally, the AEDPA contains a one-year statute of limitations.[4]

---

[3] Petitioner indicates that he has twice unsuccessfully sought permission from the Fourth Circuit to file a second or successive § 2255 motion, first based on the holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to determine whether a North Carolina conviction may serve as a predicate offense for purposes of sentence enhancement), and a second time in light of the holding in Johnson. (ECF No. 1 at 4; ECF No. 1-1 at 5.)

[4] Section 2255 contains a one-year limitations period, which runs "from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f)(1)-(4). The court observes that the opinion in Johnson was issued on June 26, 2015.



In this case, Petitioner alleges that his sentence was enhanced "under N.C. Common Law Robbery which now does not qualify for purposes of armed career criminal act enhancement." (ECF No. 1 at 7.) Petitioner further claims that his sentence is unlawful because Johnson v. United States, 135 S. Ct. 2551 (2015), found the residual clause of the ACCA unconstitutionally vague. (Id. at 6-7.) However, Johnson did not decriminalize the conduct for which Petitioner was convicted, see Swanson-El v. Zych, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the Johnson decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."), and Petitioner provides no factual allegations to plausibly suggest that such conduct has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion.[5] Thus, Petitioner's argument regarding his predicate offense "constitutes the sort of argument about 'legal classification' that [the Fourth Circuit has] deemed insufficient" to trigger relief under the savings clause. Surratt, 797 F.3d at 250-51. As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, this court lacks jurisdiction to consider the Petition in this case. Surratt, 797 F.3d at 268.[6]

---

[5] To the extent Petitioner relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as a basis for relief in this action, the court notes that Simmons also failed to render the conduct for which Petitioner was convicted non-criminal. See Surratt, 797 F.3d at 246 (affirming district court's conclusion that a petitioner could not challenge his sentence and obtain relief under § 2241 where he "could not establish that Simmons rendered any of his conduct 'noncriminal' ").

[6] Johnson has not been determined by the Supreme Court to be retroactive to cases on collateral review and circuit courts are split on whether the Johnson rule may be retroactively applied. Compare Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015) (yes), with In re Gieswein, No. 15-6138, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (no); In re Rivero, 797 F.3d 986 (11th Cir. 2015) (no). Accordingly, addressing the merits of a Johnson claim under § 2241 would be premature in any event. Further, to the extent Petitioner asserts that § 2241 relief should be available to challenge a sentence imposed above the statutory maximum (ECF No. 1 at 2), the court notes that the Fourth Circuit specifically declined to decide that issue in Surratt and did not overrule Fourth Circuit precedent holding that petitioners cannot use the savings clause to challenge their sentences. Surratt, 797 F.3d at 269; cf. Poole, 531 F.3d at 267 n.7.



**II.     Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.[7]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 4, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[7] If this recommendation is adopted, the Clerk of Court is directed to send a copy of this Report and Recommendation and the assigned district judge's Order to the Federal Public Defender for informational purposes so that the Federal Public Defender may evaluate whether Johnson may entitle the Petitioner to relief through other procedural means.  See Standing Order (authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson), No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015), but see *supra* notes 3, 6.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).